**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**LUZ MARGARITA CAVALLONE,**

        **Plaintiff,**

**-vs-**                                                         **Case No. 6:15-cv-1442-Orl-DAB**

**CAROLYN W. COLVIN,**
**Acting Commissioner for Social Security,**

        **Defendant.**

_____

## MEMORANDUM OPINION AND ORDER

This cause came on for consideration without oral argument on review of the Commissioner's administrative decision to deny Plaintiff's application for disability insurance benefits. For the reasons set forth herein, the decision of the Commissioner is **REVERSED** and the matter is **REMANDED** for additional proceedings.

## Procedural History

Plaintiff applied for benefits, alleging that she became unable to work on November 18, 2011 (R. 174). The agency denied Plaintiff's application initially and upon reconsideration, and she requested and received a hearing before an administrative law judge ("the ALJ"). On April 16, 2014, the ALJ issued an unfavorable decision, finding Plaintiff to be not disabled through that date (R.9-26). The Appeals Council declined to grant review (R. 1-6), making the ALJ's decision the final decision of the Commissioner. Plaintiff timely filed her Complaint (Doc. 1), the parties consented to the jurisdiction of the undersigned magistrate judge, and the matter is fully briefed and ripe for review pursuant to 42 U.S.C. §405(g).

## Nature of Claimed Disability

Plaintiff claims to be disabled due to breast cancer, emphysema, right side pain and swelling due to lymph node removal, and "at times" depression (R. 197).

*Summary of Evidence Before the ALJ*

Plaintiff was fifty four years old on the date of the ALJ's decision (R. 20-21, 174), with a college degree (R. 198) and past relevant work as a social worker (R. 198).

In the interest of privacy and brevity, the medical evidence relating to the pertinent time period will not be repeated here, except as necessary to address Plaintiff's objections. In addition to the medical records and opinions of her healthcare providers, the record includes the testimony of Plaintiff and a Vocational Expert; written forms and reports completed by Plaintiff and her husband; and opinions from non-examining state agency consultants.

By way of summary, the ALJ determined that the claimant has the following severe impairments: status-post right lumpectomy and chemotherapy secondary to breast cancer, and emphysema (20 CFR 404.1520(c)) (R. 14), but did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (R. 16). The ALJ next found that Plaintiff had the residual functional capacity ("RFC") to:

> lift and carry 20 pounds occasionally and ten pounds frequently; stand and walk six hours in an eight hour workday; sit six hours in an eight hour workday; frequently climb ramps and stairs but never climb ladders, ropes, and scaffolds; occasionally balancing, stooping, kneeling, and crawling; frequently crouching; and only occasional overhead reaching with the right upper extremity. The claimant should avoid temperature extremes, wetness, humidity, fumes, odors, dusts, gases, and poor ventilation.

(R. 16).

Relying on the assistance of the Vocational Expert, the ALJ determined that Plaintiff could perform her past relevant work, and could also perform other work, and was therefore not disabled (R. 20-22).

**Standard of Review**

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – *i.e.,* the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord, Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

## Issues and Analysis

Plaintiff asserts that the ALJ's decision 1) is not supported by substantial evidence because his RFC finding is inconsistent with other findings at step 2 of the analysis and 2) the ALJ failed to apply the correct standards to the opinions of Plaintiff's treating physicians. The Court examines these issues in the context of the sequential assessment used by the ALJ.

*The five step assessment*

The ALJ must follow five steps in evaluating a claim of disability. *See* 20 C.F.R. §§ 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, he is not disabled. 29 C.F.R.

§ 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities, then he does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, he is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent him from doing past relevant work, he is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering residual functional capacity, age, education, and past work) prevent him from doing other work that exists in the national economy, then he is disabled. 20 C.F.R. § 404.1520(f). The plaintiff bears the burden of persuasion through step four, while at step five the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). Here, the ALJ made his decision at the fourth step and, therefore, the burden was Plaintiff's.

*The step two finding*

An impairment or combination of impairments is "severe" within the meaning of the regulations if it significantly limits an individual's ability to perform basic work activities. 20 C.F.R. § 404.1521.[1] An impairment or combination of impairments is "not severe" when medical or other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work. 20 C.F.R. §§ 404.1521, 416.921. The ALJ has a duty to consider all impairments, both singly and in combination, when making an analysis of disability. 20 C.F.R. § § 404.1523 and 416.923.

A remand is required where the record contains a diagnosis of a severe condition that the ALJ failed to consider properly. *Vega v. Commissioner of Social Sec.,* 265 F.3d 1214, 1219 (11th Cir.

---

[1] Basic work activities include physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, and handling, as well as capacities for seeing, hearing, and speaking; understanding, remembering and carrying out simple instructions; responding appropriately to supervisors and fellow employees and dealing with changes in the work setting; and the use of judgment. 20 C.F.R. § 404.1521(b).

2001). A mere diagnosis, however, is insufficient to establish that an impairment is severe. *See Sellers v. Barnhart*, 246 F.Supp.2d 1201, 1211 (M.D. Ala. 2002). "The severity of a medically ascertained impairment must be measured in terms of its effect upon [a claimant's] ability to work and not simply in terms of deviation from purely medical standards of bodily perfection or normality." *Id., citing McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986). A claimant has the burden of proof to provide substantial evidence establishing that a physical or mental impairment has more than a minimal effect on a claimant's ability to perform basic work activities. An impairment is not severe only if the abnormality is so slight and its effect so minimal that it would clearly not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience. *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984). Thus, a "[c]laimant need show only that his impairment is not so slight and its effect not so minimal." *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir.1986). To satisfy the requirements of step two of the sequential evaluation process, however, the claimant's impairment(s) also must be severe for at least twelve consecutive months. *See* 20 C.F.R. §§ 416.905(a), 416.909, 416.920(a)(4)(ii); *Barnhart v. Walton*, 535 U.S. 212, 217 (2002).

Applied here, at this step, the ALJ evaluated Plaintiff's medically determinable mental impairments of dysthymic disorder and anxiety disorder, and found them to be "non-severe." (R. 14-15). In doing so, the ALJ completed the required review of the four functional areas set out in the disability regulations for evaluating mental disorders and in section 12.00C of the Listing of Impairments (20 CFR, Part 404, Subpart P, Appendix 1). In reviewing the third functional area of "concentration, persistence and pace," the ALJ discussed Plaintiff's abilities, noting:

> While the claimant complains of memory problems and lack of concentration and focus, the evidence of record shows that she is able to prepare simple meals, drive a vehicle, shop for groceries, manage her own finances, attend church, use a computer, read spiritual fiction and the Bible, and watch television. At the hearing, she was able to understand and follow the hearing proceedings and all lines of questioning. By

> virtue of the claimant's ability to perform the above-mentioned activities, *she has demonstrated the ability to successfully perform simple, routine, one to two step tasks.*

(R. 15 emphasis added). The ALJ determined that Plaintiff had "no more than mild limitations" in this area. *Id.* Plaintiff argues that remand is necessary as the RFC finding, which contains no mental limitations, is "facially inconsistent" with the finding that Plaintiff has "only" demonstrated the ability to successfully perform simple, routine, one to two step tasks.

According to Plaintiff, the ALJ was required to incorporate her finding that Ms. Cavallone can only perform "simple, routine, one to two step tasks" into her RFC finding. As pointed out by the Commissioner, however, the ALJ did not find Plaintiff to be limited to *only* one to two step tasks. In fact, the word "only" is not included in that portion of the analysis. Rather, the ALJ listed several activities and determined that Plaintiff *could* perform simple, routine, one to two step tasks. This is not a finding that Plaintiff could *not* perform any other tasks. Indeed, the ALJ explicitly found that Plaintiff had no more than mild limitations in this functional area – a conclusion that belies a capacity for "only" simple, routine one to two step tasks.

As Plaintiff's argument on this issue is based on a faulty premise, it does not persuade.

*Evaluating Medical Opinions*

The Eleventh Circuit has held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Winschel v. Commissioner of Social Security*, 631 F.3d 1176, 1178–79 (11th Cir. 2011) (citing 20 CRF §§ 404.1527(a)(2), 416.927(a)(2); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987).) When evaluating a physician's opinion, an ALJ considers numerous factors, including whether the physician examined the claimant, whether the physician treated the claimant, the evidence the physician presents to support his or her opinion,

whether the physician's opinion is consistent with the record as a whole, and the physician's specialty. *See* 20 C.F.R. §§ 404.1527(c), 416.927(c). Substantial weight must be given to the opinion, diagnosis and medical evidence of a treating physician unless there is good cause to do otherwise. *See Lewis v. Callahan*, 125 F.3d 1436 (11th Cir. 1997)*; Edwards v. Sullivan*, 937 F.2d 580, 583 (11th Cir. 1991); 20 C.F.R. § 404.1527(d). Good cause for disregarding an opinion can exist when: (1) the opinion is not bolstered by the evidence; (2) the evidence supports a contrary finding; or (3) the opinion is conclusory or is inconsistent with the source's own treatment notes. *Lewis,* 125 F.3d at 1440.

By contrast, a consultative examiner's opinion is not entitled to the deference normally given a treating source. *See* 20 C.F.R. § 404.1527(c)(2); *Crawford v. Commissioner of Social Security*, 363 F.3d 1155, 1161 (11th Cir. 2004) (noting a one-time examiner's opinion is not entitled to great weight). Nonetheless, all opinions, even those of non-treating state agency or other program examiners or consultants, are to be considered and evaluated by the ALJ. *See* 20 C.F.R. §§ 404.1527, 416.927, and *Winschel*.

Applied here, after summarizing the evidence of record, the ALJ set forth the opinion of one of Plaintiff's treating physicians and weighed the opinion, as follows:

> Judy Mayor-Davies, M.D. of Omni Healthcare submitted a medical opinion regarding the claimant's ability to do work related activities on November 11, 2013. She found the claimant is limited to lifting and carrying ten pounds occasionally and less than ten pounds frequently; standing and walking less than two hours in an eight hour workday; sitting less than two hours in an eight hour workday; and would require a sit/stand option due to chronic obstructive pulmonary disease and upper extremity neuropathy. She is limited to only occasional twisting, stooping, crouching, and climbing stairs. She should never climb ladders and she should avoid all exposure to extreme cold and heat as well as fumes, odors, dusts, and gases. She should avoid even moderate exposure to humidity. Dr. Mayor-Davies opined the claimant would likely miss more than four days of work per month due to her severe impairments. (Exhibit l 7F).
> \* \* \*
> As for the opinion evidence, the Administrative Law Judge give little weigh[t] to the assessment of Dr. Mayor-Davies at Exhibit l 7F as her assessment is inconsistent with the overall evidence of record.

(R. 19-20).

Plaintiff contends that the rationale provided by the ALJ for discounting the opinion of her treating physician is insufficient, and the Court agrees. While the Commissioner contends that the ALJ detailed the evidence earlier in the administrative decision "and it does not support Dr. Mayor-Davies' assessment of debilitating limitations," it is not for the Court to entertain such *ex post facto* reasoning in the first instance. As acknowledged by the Commissioner, the regulations require an ALJ to give "good reasons" *in her decision* for the weight she gave a treating source's opinion. (Brief, p. 8, citing 20 C.F.R. § 404.1527(c)(2)).  "[W]hen the ALJ fails to 'state with at least some measure of clarity the grounds for his decision,' we will decline to affirm 'simply because some rationale might have supported the ALJ's conclusion.' *Winschel*, 631 F.3d at 1179, quoting *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir.1984) (per curiam). Without any indication here as to why the ALJ believed the assessment to be inconsistent with the "overall evidence," the Court cannot perform its function of determining whether or not this finding is adequately supported. Error is plain and remand for a finding consistent with the regulations and *Winschel* is required.[2]

## Conclusion

The Court finds that the decision of the Commissioner is not supported by substantial evidence and was not made in accordance with proper legal standards. As such, the decision is **REVERSED** and the matter **REMANDED** to the Commissioner, under sentence four of 42 U.S.C. §405(g), with instructions to properly address the treatment records and the opinions of Plaintiff's providers and reassess Plaintiff's residual functional capacity, based on all of the evidence of record; then, if need be, conduct such further proceedings as are necessary to issue a new decision based on substantial evidence and proper legal standards.  The Clerk is directed to enter judgment for the Plaintiff accordingly, terminate all matters and close the file.

---

[2] To be clear, the Court is not finding that the opinion is entitled to great or, indeed, any weight. It is for the ALJ to make and support that finding in the first instance.  The Court holds only that *this* finding is not sufficient under the appropriate legal standard.

**DONE** and **ORDERED** in Orlando, Florida on July 28, 2016.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record